HOWARD v. STATE.

Opinion delivered January 13, 1919.

1. CRIMINAL LAW—EVIDENCE—HEARSAY.—In a prosecution for assault with intent to kill a deputy sheriff attempting to serve a warrant, evidence that a State's witness had called up the sheriff

before the alleged assault in reference to threats by accused, was admissible to show that witness had obtained a warrant for accused's arrest on advice of sheriff, thus accounting for the presence of the deputy, and since the conversation with the sheriff was not detailed, it was not objectionable as hearsay.

2. WITNESSES—CROSS-EXAMINATION—REPETITION.—In a prosecution for assault with intent to kill, it was within the sound discretion of the trial court to exclude a question on cross-examination as to whether a witness had a commission showing that he was a deputy sheriff where the same question had been answered by him on direct examination.

3. HOMICIDE—ASSAULT TO KILL—JURY QUESTION.—Where the State, in a prosecution for assault with intent to kill, had proved all the material allegations in the complaint by legal, substantial evidence, a requested instruction to acquit was properly refused.

4. WEAPONS—RIGHT TO BEAR ARMS.—An instruction that any citizen may bear arms for his defense against unreasonable or unlawful attack was properly refused.

5. HOMICIDE—ASSAULT TO KILL—INSTRUCTIONS.—In a prosecution for assault with intent to kill an officer, an instruction that a peace officer had no right to make an arrest on a misdemeanor without a warrant except for a breach of peace committed in his presence was properly refused as not responsive to evidence which showed that the officer did have a warrant.

6. ARREST — WITHOUT WARRANT — OFFENSE COMMITTED IN OFFICER'S PRESENCE.—A peace officer may arrest without a warrant for any public offense committed in his presence, whether a breach of the peace or not.

7. CRIMINAL LAW—REQUEST COVERED BY INSTRUCTIONS.—It is not error in a criminal case to refuse a requested instruction covered by instructions given.

8. HOMICIDE — ASSAULT TO KILL — SUFFICIENCY OF EVIDENCE.—In a prosecution for assault with intent to kill a deputy sheriff, evidence *held* sufficient to support a verdict of guilty.

9. CRIMINAL LAW—APPEAL—NECESSITY OF OBJECTIONS.—The court in a criminal case cannot review an instruction in the absence of a showing by the record of objection made or exception saved.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Nutter's testimony with reference to the remark of appellant about getting his gun, etc., his reporting the

occurrence to the sheriff and procuring a warrant from the justice of the peace, was competent in order to explain Dickinson's presence where the trouble occurred, and to show that Nutter acted on the sheriff's advice in procuring the warrant. It was not hearsay and was properly admitted. 10 R. C. L. 959 § 133; 83 Kan. 703, 708.

2. Nutter having answered on direct examination that he held a commission as deputy sheriff, it was not error to refuse to permit him to answer the same question on cross-examination.

3. The court properly refused to direct a verdict of acquittal. The evidence is fully sufficient to sustain the verdict.

The second requested instruction to the effect that any citizen may bear arms for his defense against unreasonable and unlawful attack, is in direct conflict with the law. Kirby's Dig. § 1609.

If the third requested instruction with reference to the right of an officer to make an arrest had correctly stated the law, it would have been improper for the court to give it, because Dickinson had a warrant for appellant's arrest when the trouble occurred. However, the instruction does not state the law. Kirby's Dig. § 2119.

It was not necessary to give the fourth instruction, the court having already correctly stated the law on the point involved in an oral instruction.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Desha Circuit Court for the crime of assault with intent to kill one T. K. Dickinson, and his punishment was fixed at one year in the State penitentiary. From the judgment of conviction, an appeal has been duly prosecuted to this court.

The substance of the evidence on behalf of the State was as follows: Charles Nutter was overseer on a farm for Dr. Bell, on which Mr. Kirkes was getting out some timber on contract under the supervision of Charles Nutter. Appellant was employed by Nutter on the farm at $1.50 per day. He quit the farm work to take a logging

job at $3.00 per day under Kirkes. Nutter objected. This incensed appellant and caused him to threaten to brain Nutter with a peavey handle. Nutter had gone to the logging place in a car with Kirkes, and, when threatened by appellant, started toward the car nearby and told Kirkes to take him home. Appellant then remarked: "I guess you are going to get your gun. I am going to get mine and we will see which one gets it first." Nutter, who was himself a deputy sheriff, called up the sheriff about the matter, procured a warrant from a justice of the peace for appellant, placed it in the hands of Deputy Sheriff T. K. Dickinson and accompanied him to the logging place to assist in arresting appellant. The two were riding, and, when they reached a point seventy or seventy-five yards from where appellant was working on a raft, appellant drew his pistol. They dismounted, took advantage of some bushes and approached within sixty feet of appellant when he shot at Dickinson, who was about ten feet in advance of Nutter. Dickinson took refuge behind a tree, and, when he looked out, appellant again shot at him. Several shots were then exchanged, but none took effect.

The substance of appellant's testimony was that appellant made no threats or demonstrations toward Nutter before the warrant was procured; that, on the contrary, Nutter tried to get a club to hit him; that, later in the day, two shots were fired at him while working on a raft; that he did not know who fired the shots; that he then discovered Mr. Nutter pointing a pistol at him and immediately fired two shots at Mr. Nutter; that he never shot at Mr. Dickinson at all.

The assignments of error were embodied in a motion for new trial, which was overruled, and which, omitting the caption, is as follows:

"1st. Because the court erred in permitting plaintiff's witness, Charles Nutter, to answer the following question on direct examination over the defendant's objection: 'Now, did you call up Mr. Lacey here about that matter?'

"2nd. Because the court erred in refusing to permit plaintiff's witness, Charles Nutter, to answer the following question propounded on cross-examination, over the objection of the defendant: 'Have you got a commission showing you are an authorized deputy sheriff?'

"3rd. Because the court erred in refusing to give to the jury defendant's requested written instructions numbered, respectively, as 1, 2, 3 and 4, and each of them.

"4th. Because the verdict of the jury is contrary to the law.

"5th. Because the verdict of the jury is contrary to the evidence.

"6th. Because the verdict of the jury is contrary to the law and the evidence.

"7th. Because the court erred in giving to the jury instructions numbered 1, 2, 3, 4, 5 and 6, and each of them."

1. The court did not err in permitting Nutter to testify that he called up the sheriff in reference to the difficulty between him and appellant. No attempt was made to detail the conversation between Nutter and the sheriff; hence, not objectionable on the ground that hearsay evidence by the sheriff was admitted. The purpose of the question, as revealed by questions and answers immediately following this question, was to show that Nutter obtained the warrant for appellant's arrest on the advice of the sheriff and to account for Dickinson's appearance where the shooting occurred. For these purposes, the question and answer were admissible.

2. Error was not committed in refusing to permit Charles Nutter, on cross-examination, to answer the question: "Have you got a commission showing you are an authorized deputy sheriff?" This question, almost word for word, had been asked and fully answered on direct examination. It is within the sound discretion of the trial court to allow or deny the repetition, on cross-examination, of questions which have been fully answered. Jones' Commentaries on Evidence, Vol. 5, page 192, and authorities cited in foot note 68 on same page.

We find no abuse of the court's discretion in refusing the aforesaid question and answer.

3. (a) Appellant requested the court to instruct the jury to find him not guilty. This instruction was improper unless the State failed to prove some material allegation in the complaint by some legal, substantial evidence. It seems that every material allegation in the complaint was fully covered by legal and substantial evidence adduced on behalf of the State. The court properly refused the instruction.

(b) Appellant requested and the court refused to give the following instruction: "The court instructs the jury that any citizen may bear arms for his defense against unreasonable and unlawful attack."

Section 1609 of Kirby's Digest provides that it shall be a misdemeanor for any person to carry a pistol as a weapon. There are exceptions to the statute, but the statute does not provide for the exception contended for by the requested instruction. Therefore, the court did not err in refusing to give the instruction.

(c) Appellant requested and the court refused to give the following instruction: "You are told that a peace officer has no right to make an arrest where the offense claimed is a misdemeanor unless such officer has a warrant unless the arrest is attempted for breach of the peace committed in the presence of the officer."

The undisputed evidence showed that T. K. Dickinson had a warrant for the arrest of appellant; so the requested instruction was not responsive to the evidence. The instruction, however, did not properly declare the law because it is permissible for an officer to arrest one without a warrant for any public offense committed in his presence. This right on the part of an officer is not confined to a breach of the peace committed in his presence. The court did not err in refusing to give the instruction as requested.

(d). The fourth instruction, requested by appellant and refused by the court, was fully covered by the oral

instruction theretofore given by the court. It was, therefore, not error to refuse the requested instruction.

4, 5 and 6. The fourth, fifth and sixth assignments of error question the sufficiency of the evidence to support the verdict under the law. There was legal, substantial evidence in the record to the effect that appellant drew a pistol from his jumper and fired upon T. K. Dickinson, a deputy sheriff, who had a warrant for him, before Dickinson, by word or act, attempted to arrest him. On appeal, this court does not pass upon the weight of the evidence. The weight of the evidence is a question to be determined by the jury. If there is any substantial, legal evidence to support the verdict, it will not be set aside on appeal. We think there was sufficient substantial, legal evidence in the record to support the verdict.

7. Appellant's seventh assignment of error assails each of the instructions given by the court, numbered 1, 2, 3, 4, 5 and 6. The court did not give any instruction numbered 6. Written instructions numbered 1, 2, 3, 4 and 5, given by the court, seem to be a clear and concise declaration of law applicable to the facts in the record. We are unable to find any defect in them, and no special defect has been suggested by appellant.

This court can not review the oral instruction given by the court which bears no number, because the record does not show that any objection was made or exception saved by appellant to it.

The judgment is affirmed.